IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **LINDA SPANIER** and ) | |
| **OWEN SPANIER,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **AMERICAN POP CORN COMPANY**, ) | |
| Serve at: ) | Case No.  C15-4071MWB |
|     Carlton P. Smith ) | |
|     One Fun Place ) | JURY TRIAL DEMANDED |
|     Sioux City, Iowa 51108 ) | |
| ) | |
| **CONAGRA FOODS, INC.,** ) | |
| Serve at: ) | |
|     Prentice Hall Corporation System ) | |
|     505 5th Avenue, Suite 729 ) | |
|     Des Moines, Iowa 50309 ) | |
| ) | |
| **GENERAL MILLS, INC.,** ) | |
| Serve at: ) | |
|     National Registered Agents, Inc. ) | |
|     160 Greentree Dr., Ste. 101 ) | |
|     Dover, DE 19904 ) | |
| ) | |
| **GIVAUDAN FLAVORS CORPORATION**, ) | |
| Serve at: ) | |
|     The Corporation Trust Company ) | |
|     Corporation Trust Center ) | |
|     1209 Orange St. ) | |
|     Wilmington, DE 19801 ) | |
| ) | |
| **SENSIENT FLAVORS LLC**, ) | |
| Serve at: ) | |
|     The Corporation Trust Company ) | |
|     Corporation Trust Center ) | |
|     1209 Orange St. ) | |
|     Wilmington, DE 19801 ) | |
| ) | |
| **SYMRISE INC.**, ) | |
| Serve at: ) | |
|     Corporation Service Company ) | |

1

|  |  |
|---|---|
| 729 Ins. Exch. Building | ) |
| Des Moines, Iowa 50309 | ) |
| | ) |
| **CHR. HANSEN, INC.**, | ) |
| Serve at: | ) |
|    Corporation Service Company | ) |
|    505 5th Ave., Ste. 729 | ) |
|    Des Moines, IA 50309 | ) |
| | ) |
| **FIRMENICH INC.**, | ) |
| Serve at: | ) |
|    Corporation Service Company | ) |
|    2711 Centerville Road, Suite 400 | ) |
|    Wilmington, Delaware 19808 | ) |
| | ) |
| **JOHN DOES 1-20**, | ) |
| | ) |
|             Defendants. | ) |

## COMPLAINT

Plaintiffs Linda Spanier and Owen Spanier ("Plaintiffs"), by and through counsel, and for their causes of action against Defendants American Pop Corn Company ("American Pop Corn"), ConAgra Foods, Inc. ("ConAgra"), General Mills, Inc. ("General Mills"), Givaudan Flavors Corporation ("Givaudan"), Sensient Flavors LLC ("Sensient"), Symrise Inc. ("Symrise"), CHR. Hansen, Inc. ("CHR Hansen"), Firmenich Inc. ("Firmenich"), and John Does 1-20, state as follows:

## JURISDICTION AND VENUE

1. Jurisdiction exists pursuant to 28 U.S.C. § 1332. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

2. The amount in controversy exclusive of interest and costs exceeds Seventy-Five Thousand Dollars ($75,000.00).

3. Plaintiffs Linda Spanier and Owen Spanier are wife and husband residing in New York.

4. Defendant American Pop Corn is an Iowa company with a principal place of business outside of New York.

5. Defendant ConAgra is a Delaware corporation with a principal place of business outside of New York.

6. Defendant General Mills is a Delaware corporation with a principal place of business outside of New York.

7. Defendant Givaudan is a Delaware corporation with a principal place of business outside of New York.

8. Defendant Sensient is a Delaware limited-liability company with a principal place of business outside of New York.

9. Defendant Symrise is a New Jersey corporation with a principal place of business outside of New York.

10. Defendant CHR Hansen is a Wisconsin corporation with a principal place of business outside of New York.

11. Defendant Firmenich is a Delaware corporation with a principal place of business outside of New York.

12. Defendants John Does 1-20 are various manufacturers and/or suppliers of microwave popcorn, butter flavoring, and/or other products containing diacetyl and/or pentanedione that caused and/or contributed to the injuries alleged below, the identities of which are currently unknown to Plaintiffs.

## **GENERAL ALLEGATIONS**

13. Defendants American Pop Corn, ConAgra, and General Mills (collectively "Microwave Popcorn Defendants") manufactured, sold, distributed, and/or otherwise placed into the stream of commerce microwave popcorn containing butter flavoring products and other products containing diacetyl and/or pentanedione within the ordinary course of their business.

14. Defendants Givaudan, Sensient, Symrise, CHR Hansen, and Firmenich (collectively "Flavoring Defendants") manufactured, sold, distributed, and/or otherwise placed into the stream of commerce butter flavoring that contained diacetyl and/or pentanedione in their ordinary course of business, which was used in microwave popcorn.

15. Microwave Popcorn Defendants manufactured microwave popcorn in Iowa using flavors manufactured and/or supplied by Flavoring Defendants.

16. From approximately 1991 to 2008, Plaintiff Linda Spanier purchased, prepared, and consumed microwave popcorn sold by Microwave Popcorn Defendants that contained butter flavorings with added diacetyl, pentanedione, and/or other hazardous chemicals manufactured and/or sold by Flavoring Defendants.

17. Plaintiff Linda Spanier was exposed to diacetyl and/or pentanedione vapors released by Defendants' products during the ordinary and expected use of such products.

18. Exposure to diacetyl and/or pentanedione can cause human disease and injury, including, but not limited to: bronchiolitis obliterans, respiratory disease, severe lung impairment, shortness of breath, and fatigue.

19. At all relevant times, Plaintiffs were unaware of the hazards of Defendants' microwave popcorn and/or flavoring products and their ingredients.

20. As a direct and proximate result of Defendants' conduct, Plaintiff Linda Spanier has suffered and continues to suffer permanent injuries to the person, body and health, including,

4

but not limited to: bronchiolitis obliterans; severe and progressive damage to the respiratory system; extreme shortness of breath; and significantly reduced life expectancy.

21. Plaintiff Linda Spanier has further suffered, and will suffer in the future, pain, discomfort, fears, anxiety, loss of sleep, and other mental and emotional distress directly and proximately caused by Defendants' conduct.

22. As a direct and proximate result of Defendants' conduct, Plaintiff Linda Spanier has incurred, and will incur in the future, liability for physicians, surgeons, nurses, hospitals, x-rays, and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time.

23. As a further direct and proximate result of the stated conduct of Defendants, Plaintiff Linda Spanier has incurred and will incur loss of income, wages, profits, and commissions, a diminishment of earning potential and other pecuniary losses, the full nature and extent thereof being unknown to Plaintiffs at this time.

## COUNT I – STRICT LIABILITY

24. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-23 above as if fully set forth herein.

25. At all relevant, times, Defendants designed and/or manufactured microwave popcorn and/or butter flavoring for use in microwave popcorn.

26. At all relevant times, Defendants' microwave popcorn and/or butter flavoring were in a defective condition in that they cause human disease and injury, including, but not limited to: bronchiolitis obliterans, respiratory disease, severe lung impairment, shortness of breath, and fatigue.

27. At all relevant times, the defective condition of Defendants' microwave popcorn and/or butter flavoring was unreasonably dangerous to the user or consumer, including Plaintiff Linda Spanier, when used in a reasonably foreseeable use and Plaintiff in fact used Defendants' products as intended and/or in a reasonably foreseeable manner.

28. At all relevant times, Defendants were engaged in the business of manufacturing microwave popcorn and/or butter flavoring.

29. Defendants' products were expected to and did reach Plaintiff Linda Spanier without substantial change in condition and the defect existed at the time of sale.

30. As a direct and proximate result of said defect, Plaintiff Linda Spanier has suffered damages as more specifically set forth above.

31. Defendants' conduct was willful, wanton, malicious, and/or in reckless disregard for the rights of others, including the rights of Plaintiffs, and punitive and exemplary damages should be assessed against Defendants.

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and severally, for all past, present, and future compensatory damages, costs, prejudgment and post-judgment interest, punitive damages, and such other relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE

32. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-31 above as if fully set forth herein.

33. Microwave Popcorn Defendants designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold microwave popcorn intended to be cooked in a microwave oven, to be tasted, and to have a pleasant aroma or smell.

34. Microwave Popcorn Defendants' products contained butter flavoring, including flavoring ingredients, that, when used as intended, were highly likely to cause or substantially contribute to the following human illnesses, injuries, and conditions:

    a. bronchiolitis obliterans;

    b. respiratory disease;

    c. severe impairment of lung function; and

    d. other types of diseases and injuries associated with butter flavorings and their constituents.

35. Flavoring Defendants designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold butter flavoring using diacetyl and/or pentanedione as an added ingredient intended to be used in microwavable consumer food products, including microwave popcorn, and were also intended to be heated and to have a pleasant aroma or smell.

36. Flavoring Defendants' butter flavoring products, when used as intended, were highly likely to cause or substantially contribute to the following human illnesses, injuries, and conditions:

    a. bronchiolitis obliterans;

    b. respiratory disease;

    c. severe impairment of lung function; and

    d. other types of diseases and injuries associated with butter flavorings and their constituents.

37. At all material times, the ordinary consumer, including Plaintiff Linda Spanier, did not know of the likelihood of, the severity of, or the extent of the risks from Defendants' microwave popcorn and/or butter flavorings.

38. Defendants, at all material times, had the following duties and breach the following duties to consumers, including Plaintiff Linda Spanier:

    a. the duty to warn all foreseeable users, including consumers, of Defendants' microwave popcorn and/or butter flavoring products of the likelihood, probability, and/or foreseeability that the harms listed herein would or might occur if the products were used as intended;

    b. the duty to acquire, maintain, and apply the best scientific knowledge available in the field of microwave popcorn and/or butter flavoring design, development, manufacture, testing, packaging promotion, marketing, distribution, labeling, and/or sale of microwave popcorn and/or butter flavorings;

    c. the duty to test, design, manufacture, and sell microwave popcorn and/or butter flavoring that, when used as intended, were reasonably safe for all foreseeable users and consumers such as Plaintiff Linda Spanier;

    d. the duty to make feasible improvements in design, composition, or manufacture of microwave popcorn and/or butter flavoring that would eliminate or decrease the risk of inhalation hazards to users and consumers such as Plaintiff Linda Spanier;

    e. the duty to disclose to all foreseeable users and consumers the results of their own scientific research and other scientific research known to them

8

Case 5:15-cv-04071-MWB   Document 2   Filed 08/31/15   Page 8 of 12

indicating that the use of microwave popcorn and/or butter flavoring and their constituents cause serious risks of harm;

f. the duty to warn all foreseeable users and consumers of the known dangers of microwave popcorn and/or butter flavoring and their constituents;

g. the continuing duty to warn all foreseeable users and consumers of their microwave popcorn and/or butter flavoring products concerning defects of which Defendants acquired knowledge after the product was manufactured or sold;

h. the duty to provide the post-marketing warning or instruction that a manufacturer and/or seller exercising reasonable care would have provided concerning the risk, in light of the likelihood that the products would cause injuries to consumers such as Plaintiff Linda Spanier and in light of the likely seriousness of such injuries;

i. the duty to exercise due care and the ordinary, reasonable, technical skill and competence that is required of designers, manufacturers, processors, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation: the duty to test food products and food flavors and ingredients, the duty to acquire and maintain the knowledge of an expert to design, manufacture, process, distribute, market, sell, and/or supply products free from defects and/or latent defects, and the duty to adequately warn of product defects and/or hazards, which duty continued even after the sale of said products.

39. As a direct and proximate result of Defendants' negligence, Plaintiff Linda Spanier has suffered damages as more specifically set forth above.

40. Defendants' conduct was willful, wanton, malicious, and/or in reckless disregard for the rights of others, including the rights of Plaintiffs, and punitive and exemplary damages should be assessed against Defendants.

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and severally, for all past, present, and future compensatory damages, costs, prejudgment and post-judgment interest, punitive damages, and such other relief as this Court deems just and proper.

## **COUNT III – BREACH OF IMPLIED WARRANTIES**

41. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-40 above as if fully set forth herein.

42. By placing their products in the stream of commerce, Defendants impliedly warranted that their products were reasonably fit for their intended uses, that their products were of merchantable quality, that they were not defective, that they would function as safely as ordinary users would expect when used in an intended or reasonably foreseeable manner, and that their products would not cause serious disease, harm, or death.

43. Each Defendant breached said implied warranties because their products were not reasonably fit for their intended uses, were not of merchantable quality, were defective, failed to function as safely as an ordinary user would expect when used in an intended or reasonably foreseeable manner, and were likely to cause serious disease, harm, or death.

44. Plaintiff Linda Spanier used Defendants' products as intended and/or in a reasonably foreseeable manner.

45. Each of the products used by Plaintiff Linda Spanier was manufactured and/or supplied by Defendants.

46. As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff Linda Spanier has suffered damages as more specifically set forth above.

47. Each of the products used by Plaintiff Linda Spanier caused or substantially contributed to his injuries.

48. Defendants' conduct was willful, wanton, malicious, and/or in reckless disregard for the rights of others, including the rights of Plaintiffs, and punitive and exemplary damages should be assessed against Defendants.

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and severally, for all past, present, and future compensatory damages, costs, prejudgment and post-judgment interest, punitive damages, and such other relief as this Court deems just and proper.

## COUNT IV – LOSS OF CONSORTIUM / CLAIM FOR MEDICAL EXPENSES

49. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-48 above as if fully set forth herein.

50. As a direct result of the Defendants' aforementioned conduct, Plaintiff Owen Spanier sustained loss of his wife's consortium, society, companionship, comfort, protection, care, attention, advice, counsel, and guidance; loss of his wife's financial support; loss of his wife's services; and has incurred medical and medical monitoring expenses, which will continue to be incurred in the future.

51. Defendants' conduct was willful, wanton, malicious, and/or in reckless disregard for the rights of others, including the rights of Plaintiffs, and punitive and exemplary damages should be assessed against Defendants.

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and severally, for all past, present, and future compensatory damages, costs, prejudgment and post-judgment interest, punitive damages, and such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL ON ALL ISSUES**

52. Plaintiffs demand a trial by jury on all issues and counts in this matter.

Date: Sept. ___, 2015

Respectfully submitted,

SMITH & McELWAIN LAW OFFICE

/s/ Dennis M. McElwain

| DENNIS M. McELWAIN | AT0005253 |
| JAY M. SMITH | AT0007387 |

505 5th Street, Suite 530
P.O. Box 530
Sioux City, Iowa 51102
(712) 255-8094
(712) 255-3825 fax

and

HUMPHREY, FARRINGTON & McCLAIN, P.C.
(filing for *pro hac vice* admission)
221 W. Lexington, Suite 400
Independence, Missouri 64050
(816) 836-5050
(816) 836-8699 fax

ATTORNEYS FOR PLAINTIFFS

12

Case 5:15-cv-04071-MWB   Document 2   Filed 08/31/15   Page 12 of 12